## McCAULY v. BARNES.

The amount of the verdict before a justice is presumed to be the sum really due, in order to ascertain whether he had jurisdiction.

*Certiorari* to Justice Adams.

This was an action of debt for £12. On the trial, Barnes (plaintiff below) produced a list of executions to the amount of £23, against one Bowne, for which McCauly had become surety. Barnes had given credit on the execution for £5 7s. 7d. The jury gave a verdict for £12. The objection was to the jurisdiction of the justice.

[53] PER CUR. The demand of the plaintiff is verified by the verdict; the amount found must be presumed to be the sum really due.

Affirm the judgment.

### TAYLOR v. STOUT.

No offset in an action for unliquidated damages.

*Certiorari* to Justice Chamberlain.

By the returns and affidavits, it appeared the action was for killing a horse. Against this demand, the justice permitted Stout to offset a demand he had against Taylor, for keeping his children, and the verdict was in defendant's favor, for £6 14s. 11d.

PER CUR. The act of 5th of May, 1722, will not authorize a set-off against an action of this nature.

Reverse the judgment.